UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------X

LIFETIME WELL LLC

           Plaintiff,                                                        Case No.: 2:25-cv-5135

      -against-

IBSPOT.COM INC.

           Defendant

------------------------------------------------------------X

**DEFENDANT IBSPOT.COM INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant IBSPOT.COM INC. ("IBSPOT" or "Defendant") submits this memorandum of law in further support of its motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

Plaintiff's Opposition confirms that its claims fail as a matter of law. Plaintiff alleges that Defendant engaged in trademark infringement, copyright infringement, unfair competition, and irreparable harm. Yet Plaintiff's own allegations establish that Defendant merely purchased Plaintiff's genuine Oricle hearing aids from Plaintiff's authorized Amazon listing and resold those same products to consumers. Under binding Third Circuit precedent, the resale of genuine goods cannot constitute trademark infringement, unfair competition, false association, or actionable injury absent a showing of material differences. Plaintiff alleges none.

Plaintiff pleads no facts showing that Defendant sold non-genuine products, altered products, or products with any material differences in quality, packaging, safety, warranty, or condition. The screenshots on which Plaintiff relies show only accurate depictions of Plaintiff's own products. Under Iberia Foods and Sebastian, these allegations foreclose Plaintiff's trademark-based claims, including its Pennsylvania unfair-competition claim.

Plaintiff similarly fails to plead copyright infringement or willfulness. Plaintiff identifies no protectable expressive elements. Defendant removed the listing immediately and fulfilled orders by purchasing from Plaintiff, generating revenue for Plaintiff. Such prompt action undercuts willfulness and defeats irreparable injury claims.

Plaintiff alleges no confusion, no deception, no diverted sales, no reputational harm, no consumer complaints, and no unjust enrichment. The Complaint should be dismissed in its entirety.

**ARGUMENT**

**I. Screenshots of Genuine Products Cannot Establish Copyright Infringement Under *Meenaxi***

Plaintiff argues that its use of screenshots is "more than sufficient" to demonstrate copyright infringement and that the images show "wholesale copying" requiring no further explanation. *See* Pl. Opp. Br. at 4-5. The court's decision in *Meenaxi Enterprise, Inc. v. Singh*

1

*Trading Co., Inc.*, 2024 WL 3594364 (3d Cir. July 31, 2024), directly refutes this approach and demonstrates why screenshots alone cannot satisfy pleading requirements when the underlying conduct involves genuine goods. In *Meenaxi*, the plaintiff alleged defendants were "selling the same infringing product using the same packaging" and "using the identical mark in connection with the sale of identical products." *See id.* at *3. Despite these allegations of wholesale copying, the Court held the complaint failed to state a claim because the products were genuine, and "trademark law generally does not reach the sale of genuine goods bearing a true mark even though such sale is without the owner's consent." *See id.* at *3 (quoting *Weil Ceramics & Glass, Inc. v. Dash*, 878 F.2d 659, 671 (3d Cir. 1989)). The Court emphasized that plaintiffs must allege material differences between the trademark owner's products and the alleged infringer's products to overcome the genuine goods doctrine, holding that where products are "same" and "identical," they are genuine and the claim fails. *See id.*

In its opposition, Plaintiff relies on screenshots and assertions of "brazen copying" to establish infringement. Under *Meenaxi*, however, such visual evidence is insufficient where the underlying products are genuine. Here, Plaintiff's screenshots confirm that Defendant sold genuine Oricle hearing aids purchased from Plaintiff's own Amazon listing. Plaintiff alleges no material differences, no counterfeit goods, alterations, or inferior quality. The use of product images to accurately depict genuine products for resale does not constitute copyright infringement under *Meenaxi*, and Plaintiff's emphasis on "identical" copying actually undermines its claim by confirming the products were genuine. Moreover, Plaintiff fails to identify which specific expressive components of its images constitute original, creative expression protectable by copyright, as distinct from factual product photography, functional presentation, or standard e-commerce layouts. These are precisely the factual allegations required under *Twombly* and

*Iqbal*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

      Plaintiff has not plausibly alleged facts that establish copying of protectable expression. The Complaint shows Defendant purchased genuine products from Plaintiff's Amazon listing and used images depicting those products. *See* Compl. ¶¶ 4-6, 25-34. Defendant stands on the argument that the vague, conclusory allegation of "brazen copying" is not plausible in light of the genuine goods doctrine established in *Meenaxi*, where the court held that such resale does not constitute infringement. *See* Compl. ¶¶ 4-5, 26; see *Menaxi Enterprise, Inc.*, 2024 WL 3594364 at *3. In sum, Plaintiff has not alleged any facts from which one could plausibly infer copyright infringement where Defendant sold Plaintiff's genuine products and used images accurately depicting those products.

## II. Plaintiff Fails to Plausibly Allege Secondary Meaning

      Plaintiff contends it holds trademark rights in the alleged Oricle mark based on a pending USPTO application. However, the USPTO issued a Final Office Action on July 14, 2025, refusing registration under Section 2(d) due to confusing similarity to an existing mark (U.S. Reg. No. 7204128). Accordingly, Plaintiff has no presumption of validity, distinctiveness, or secondary meaning and must plausibly plead facts demonstrating these elements. The USPTO's refusal underscores that the mark is not inherently distinctive, requiring Plaintiff to provide concrete factual allegations showing consumer association with Plaintiff as the source. Plaintiff provides none.

    If a mark has not been federally registered, or if a registered mark has not achieved incontestability, the mark is valid and legally protectable only "if the public recognizes it as identifying the claimant's goods or services and distinguishing them from those of others." *A.J.*

*Canfield Co. v. Honickman*, 808 F.2d 291, 296 (3d Cir. 1986). If the mark is not inherently distinctive, the plaintiff must show that it has achieved secondary meaning that consumers recognize the mark as identifying the product as originating from a particular source. *Ford Motor Co. v. Summit Motor Prods., Inc*., 930 F.2d 277, 291 (3d Cir. 1991). In addition, to plead secondary meaning for an unregistered mark, Plaintiff must allege facts showing that consumers associate the mark with a single source. Courts consider factors such as: (1) advertising expenditures highlighting the distinctive features, (2) consumer surveys linking the configuration to one source, and (3) the length and exclusivity of use. *Duraco Prods., Inc. v. Joy Plastic Enters., Ltd*., 40 F.3d 1431, 1452 (3d Cir. 1994).

Applying this standard, Plaintiff fails to allege any facts showing that consumers associate the Oricle product configuration with Plaintiff as a single source. Notably, Plaintiff's trademark application remains pending and the mark has not achieved registration or incontestable status, heightening Plaintiff's burden to plead secondary meaning. Plaintiff pleads no consumer surveys, perception data, media coverage, or facts showing consumers identify Oricle as a source-identifier. Instead, Plaintiff relies exclusively on conclusory assertions. Such bare conclusions are insufficient to plead secondary meaning. Since Plaintiff has not pled facts showing that consumers associate the Oricle design with a single source, the claim cannot survive dismissal.

### III. Plaintiff Fails to Plausibly Allege Likelihood of Confusion

Plaintiff next argues that it has "sufficiently pled likelihood of confusion" by alleging that Defendant used the identical Oricle mark to sell identical products through the same trade channel. See Pl. Opp. Br. at 6-7. The Court's decision in *Iberia Foods Corp. v. Romeo*, 150 F.3d 298 (3d Cir. 1998), directly refutes this approach and demonstrates why likelihood of confusion cannot be established when the alleged infringer sells genuine products purchased from the trademark owner. In *Iberia Foods*, the defendant purchased the plaintiff's trademarked Mistolin

4

cleaning products in Puerto Rico and resold them in New York and New Jersey in direct competition with the plaintiff. *See id.* at 300. Despite the defendant selling identical products bearing identical trademarks through identical trade channels, creating the precise scenario Plaintiff describes here, the Court held that "the Mistolin sold by Rol-Rom is 'genuine' and that Iberia's attempt to use § 32 of Lanham Act to block Rol-Rom's sales must fail." *Id.* at 306. The Court emphasized that "because buyers of Rol-Rom's Mistolin get precisely what they believe that they are purchasing, the goodwill associated with Mistolin products is not harmed by Rol-Rom's sales." *Id.* at 306 (citing *Weil Ceramics*, 878 F.2d at 672). The Court held that trademark owners must prove alleged infringers' products are "not genuine" by showing material differences, and where there are no material differences, "the products offered by the alleged infringer are 'genuine' and an infringement action under the Lanham Act must fail." *See id.* at 302-03.

    Plaintiff relies on conclusory allegations that Defendant's use of the Oricle mark was "likely to cause confusion" without alleging actual confusion or material differences. *See* Pl. Opp. Br. at 6-7; Compl. ¶46. In *Iberia Foods*, such conclusory allegations are insufficient where products are genuine. Plaintiff's allegations confirm Defendant sold genuine Oricle hearing aids purchased from Plaintiff's authorized Amazon listing. Plaintiff alleges no material differences—no counterfeit goods, altered products, inferior quality, different packaging, or any distinguishing. characteristic. The Court in *Iberia Foods* made clear that "quality control is not a talisman the mere utterance of which entitles the trademark owner to judgment." *Iberia Foods*, 150 F.3d at 304. Plaintiff alleges no quality control procedures, making this case stronger for Defendant than *Iberia Foods*, where the trademark owner at least conducted limited inspections. *Id.* at 305.

5

Plaintiff's allegation that Defendant "immediately removed" the listing negates any inference of ongoing confusion or bad faith intent to trade on Plaintiff's mark. *See* Compl. ¶ 26. Under *Iberia Foods*, where "buyers get precisely what they believe that they are purchasing," no actionable confusion exists. *See Iberia Foods*, 150 F.3d at 306. Customers received genuine Oricle hearing aids as expected, consistent with *Iberia Foods. Id.*

Plaintiff has not plausibly alleged facts that establish likelihood of confusion. Indeed, the allegations in the Complaint show that Defendant purchased genuine products from Plaintiff's authorized Amazon listing and resold those identical products. See Compl. ¶¶ 4-6, 25-34. The Court in *Iberia Foods* states that this conduct cannot constitute trademark infringement. Plaintiff alleges no instances of actual consumer confusion, no mistaken purchases, no customer complaints, no returns, no misdirected inquiries, and no evidence of marketplace confusion. Plaintiff's reliance on *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 463 (3d Cir. 1983), for the proposition that "actual confusion is only one factor" is misplaced. Pl. Opp. Br. at 6. While actual confusion may be only one factor in likelihood of confusion analysis, *Iberia Foods* establishes that where products are genuine and materially identical, no confusion analysis is necessary because the trademark claim fails as a matter of law. *See Iberia Foods*, 150 F.3d at 302-03, 306.

In sum, Plaintiff has not alleged any facts from which one could plausibly infer likelihood of confusion where Defendant sold Plaintiff's genuine products purchased from Plaintiff's authorized Amazon listing, customers received exactly what they expected, and no material differences exist between the products.

### IV. Plaintiff Fails to Plausibly Allege Trademark Injury

Plaintiff argues it has adequately alleged injury by asserting "irreparable injury to its business, reputation, and goodwill" and claiming entitlement to recover "gains, profits and

advantages" obtained by Defendant. *See* Pl. Opp. Br. at 8. *Iberia Foods* refutes this approach, demonstrating why injury allegations fail when the alleged conduct generated revenue for the trademark owner. In *Iberia Foods*, the plaintiff sought to enjoin a distributor's sale of genuine products, alleging harm to goodwill and trademark damage. *See id*. at 299-300. The Court emphasized that trademark law does not remedy all economic harm, but only harm from consumer deception about product quality or nature. *See id*. at 303. The Court held that where products sold are genuine and consumers "get precisely what they believed that they were purchasing," the goodwill associated with trademarked products is not harmed. *See id*. at 306-07. While the trademark owner may suffer economic harm from competition, "§ 32 of the Lanham Act does not offer a remedy to the trademark owner" absent material differences that would deceive consumers. *See id*. at 303-04.

    Plaintiff relies on conclusory assertions of "irreparable injury" and "likelihood of injury" to establish harm. Plaintiff's allegations confirm Defendant purchased genuine Oricle hearing aids from Plaintiff's authorized Amazon listing to fulfill customer orders. Rather than diverting sales, this conduct resulted in sales revenue to Plaintiff. Plaintiff alleges no diverted customers, lost revenue, or reputational damage supported by factual allegations. The three alleged orders were fulfilled by purchases from Plaintiff's listing, generating income for Plaintiff. There were no customer complaints, negative reviews, quality concerns, or evidence that consumers received anything other than Plaintiff's genuine products. The use of product images to depict genuine products purchased from Plaintiff for resale does not constitute trademark-cognizable harm under *Iberia Foods*, and Plaintiff's emphasis on selling "identical products" under an "identical trade name" on an "identical trade channel" undermines its injury claim by confirming consumers received exactly what they expected. *See* Pl. Opp. Br. at 7. Plaintiff fails to identify

any consumer deceived about product quality, source, or sponsorship, which are distinctive features of trademark injury. These are precisely the factual allegations required under *Twombly* and *Iqbal* to state a plausible claim of harm. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.

Plaintiff has not plausibly alleged trademark-cognizable injury. The Complaint shows Defendant purchased genuine products from Plaintiff's authorized Amazon listing and Plaintiff received revenue from those transactions. *See* Compl. ¶¶ 4-6, 25-34. Allegations of "irreparable injury" are implausible under *Iberia Foods*, which holds that trademark law does not remedy competitive harm where the alleged infringer sells genuine goods providing consumers exactly what they expect and the trademark owner profits from the alleged infringer's purchases. *See* Compl. ¶¶ 4-5, 26, 48, 50. Plaintiff's attempt to recharacterize Defendant's conduct as creating a "knock off site" to "dupe and misdirect purchasers" while simultaneously acknowledging Defendant sold Plaintiff's own genuine products highlights the implausibility of its injury allegations. *See* Pl. Opp. Br. at 9.

In sum, Plaintiff has not alleged any facts from which one could plausibly infer trademark-cognizable injury where Defendant's alleged conduct generated sales revenue for Plaintiff and consumers received genuine Oricle products exactly as expected.

## V. Plaintiff's Willfulness Allegations Are Conclusory and Insufficient

Plaintiff fails to plausibly allege willfulness. To prove willfulness under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard or willful blindness. *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005).

Plaintiff pleads no facts showing knowledge, intent to deceive, or intent to divert sales. Instead, Plaintiff relies solely on screenshots and the fact of copying, neither of which, standing

alone, can establish willfulness. Defendant immediately removed the challenged listing upon receiving notice. Courts have recognized that prompt removal undertaken in good faith can undercut an inference of willfulness. *Hargis v. Pacifica Senior Living Management LLC, Not Reported in Fed. Supp.* (2023). Remedial action weighs against willfulness when it shows the defendant was surprised to learn of the alleged infringement and took steps to resolve the issue. *New Line Cinema Corp. v. Russ Berrie & Co.*, 161 F. Supp. 2d 293, 300–01 (S.D.N.Y. 2001). Moreover, Defendant fulfilled the relevant orders by purchasing directly from Plaintiff's own Amazon listing. Thus, far from diverting sales or causing damages, Defendant's conduct resulted in additional revenue for Plaintiff.

The challenged listing was generated automatically through algorithmic crawling, not manually created by Defendant. Automated ingestion cannot support actual knowledge, recklessness, or willful blindness, and at most suggests negligence – insufficient to establish willfulness. A willfully blind copyright infringer is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts. 17 U.S.C.A. § 504(c)(2). *Erickson Productions, Inc. v. Kast*, 921 F.3d 822 (2019). Copyright infringement can be considered willful when the defendant should have known that defendant's actions infringed a copyright; negligence is a lesser mental state than the three mental states required to support a willfulness finding: actual knowledge, willful blindness, or recklessness. *Id*. Accordingly, Plaintiff's willfulness allegations are formulaic, unsupported, and insufficient to sustain any claim for enhanced damages.

**VI. Plaintiff Fails to State a Pennsylvania Unfair-Competition Claim**

Plaintiff's effort to sustain its Pennsylvania common-law unfair-competition claim fails for several independent reasons. First, Plaintiff's argument that it has adequately pleaded a state-law unfair-competition claim ignores that its theory rests on the same factual allegations

9

supporting its Lanham Act claim—namely, that Defendant "copied the Mark" and thereby created consumer confusion. (Compl. ¶¶ 16, 28, 33, 53.) But as courts repeatedly recognize, federal trademark infringement under 15 U.S.C. § 1114 and federal unfair competition under 15 U.S.C. § 1125(a)(1)(A) "are measured by identical standards." *Giannone v. Giannone*, 429 F. Supp. 3d 34, 37–38 (E.D. Pa. 2019). And when a plaintiff asserts a Pennsylvania common-law unfair-competition claim in the context of alleged trademark misuse, courts apply the same standards as a Lanham Act claim. *Lutron Elecs. Co. v. Leetronics Corp.*, 2024 U.S. Dist. LEXIS 55189, at *5 (E.D. Pa. Mar. 27, 2024). Plaintiff alleges only that Defendant used the "Oricle" mark on its website while offering products for sale (Compl. ¶¶ 16, 28, 33), but it does not allege any facts suggesting that the products Defendant sold were non-genuine, altered, or otherwise materially different. Under the first-sale doctrine, once a trademark owner lawfully sells a product, it "relinquish[es] all further rights 'to sell or otherwise dispose of possession of that copy,'" including the right to assert trademark infringement or unfair competition based on ordinary resale. Sebastian Int'l, Inc. v. Consumer Contacts (PTY), Ltd., 847 F.2d 1093, 1098–99 (3d Cir. 1988). In contrast, as Defendant purchased Plaintiff's original products and then resold the same products to its consumers, the first-sale doctrine forecloses any claim premised solely on resale. Moreover, Plaintiff cannot avoid this outcome by recasting its theory as one of "false association" rather than infringement. The Third Circuit has made clear that the relevant test is whether the accused goods differ in any material way from those sold by the trademark owner. If there are no "material differences," then the goods are "genuine," and any infringement or unfair-competition claim necessarily fails. Iberia Foods Corp., 150 F.3d at 302–03. Plaintiff identifies no such differences. It does not allege changes in quality, packaging, formulations, warranties, safety standards, or any other characteristic recognized as a "material difference"

under controlling precedent. Finally, Plaintiff's response on copyright preemption is a red herring. The defect is not preemption—it is redundancy. Because Pennsylvania's unfair-competition tort is coextensive with the Lanham Act in trademark-based cases, the failure of the Lanham Act claim necessarily defeats the state-law claim. *Giannone*, 429 F. Supp. 3d at 38; *Lutron*, 2024 U.S. Dist. LEXIS 55189, at *5.

*Morgan* does not supply a pleading standard, but identifies concrete misconduct such as misuse of confidential customer lists, coordinated solicitation of customers, and deceptive sales practices that Pennsylvania courts have recognized as unfair competition. *See Morgan*, 390 Pa. at 622-36. No such conduct is alleged here. Defendant did not solicit Plaintiff's customers, misappropriate confidential information, or pass off competing products. The Complaint alleges Defendant purchased Plaintiff's own products form Plaintiff's Amazon listing. Those allegations do not state an unfair-competition claim under Pennsylvania law. Even apart from preemption, Plaintiff fails to allege unjust enrichment under Pennsylvania law. Plaintiff pleads no facts showing that Defendant retained profits belonging to Plaintiff, deprived Plaintiff of revenue, or caused any inequity. The alleged sales were fulfilled through purchases from Plaintiff's own Amazon listing, resulting in a direct benefit to Plaintiff—not an unjust windfall to Defendant. Because Plaintiff alleges neither loss nor inequitable conduct, Count IV fails to state a claim.

## VII. CONCLUSION

For the foregoing reasons, and because Plaintiff has failed to plausibly allege any protectable rights, actionable infringement, material differences, likelihood of confusion, cognizable injury, or willful conduct, the Complaint should be dismissed in its entirety with prejudice.

**Dated: November 25, 2025**

Respectfully submitted,

/s/Yen-Yi Anderson
Anderson & Associates Law, P.C
347 W 36th Street, Suite 1003
New York, NY 10018
646-452-9982
y.anderson@aalawpc.com

/s/ Jeffrey J. Goldin
Goldin Law Group, P.C.
PA ID: 312689
135 Old York Road
Jenkintown, PA 19046
215.261.7505
jgoldin@glgphilly.com

Counsel for Defendants IBSPOT.COM INC.

## CERTIFICATE OF SERVICE

I certify that on this 25th day of November 2025, a true and correct copy of the foregoing Motion was served via ECF on all counsel of record.

/s/ Jeffrey J. Goldin

12