IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIFETIME WELL LLC | : CIVIL ACTION |
| | : |
| v. | : NO. 25-5135 |
| | : |
| IBSPOT.COM INC. | : |

## ORDER

**NOW**, this 26th day of November 2025, upon considering Defendant's partial Motion to dismiss (ECF 22), Plaintiff's Opposition (ECF 23), Defendant's Reply (ECF 26), and finding Plaintiff sufficiently pleads its copyright and trademark claims as well as state law claims relating to the trademark issues, it is **ORDERED** Defendant's partial Motion to dismiss (ECF 22) is **GRANTED in part** and **DENIED in part** requiring we:

1. **GRANT** the Motion in part **DISMISSING** Plaintiff's claims for:

    a.  false advertising with prejudice;[1]

    b.  injunctive relief to prevent ongoing copyright infringement and ongoing trademark infringement without prejudice;[2]

2. **DENY** the Motion as to all other sufficiently pleaded claims subject to discovery and review on a more fulsome record requiring Defendant file an Answer to the remaining claims on or before **December 12, 2025**;[3] and,

3. **GRANT** Defendant leave to file memoranda not exceeding ten pages by no later than **December 5, 2025** confirming the source of its several errors in cited authorities in its Motion to dismiss (ECF 22) and **showing cause** why we should not impose monetary sanctions for the time and expense upon the parties and burden upon the Court in reviewing the multiple errors.[4]

_____
KEARNEY, J.

---

[1] Lifetime Well LLC does not plead facts supporting a claim for false advertising under 15 U.S.C § 1125(a)(1)(B). It must, to state a claim for false advertising under § 1125(a)(1)(B), allege IBSpot.com "misrepresent[ed] the nature, characteristics, qualities, or geographic origin" of a product. *Parks LLC v. Tyson Foods, Inc.*, 863 F.3d 220, 226 (3d Cir. 2017) (quoting 15 U.S.C. §1125(a)(1)(B)). Lifetime Well does not plead facts allowing us to plausibly infer IBSpot.com Inc. misrepresented the nature, characteristics, qualities or geographic origin of the Oricle product. Lifetime Well instead pleaded IBSpot.com improperly sold "identical" products using the Oricle mark. ECF 1 ¶4. "[C]laims attempting to present themselves as false advertising, when they are, in fact, false association claims, should be dismissed unless a plaintiff meets the evidentiary burden required of a false association claim." *Amres Corp. v. Nextres LLC*, No. 24-cv-824, 2025 WL 77068, at *4 (E.D. Pa. Jan. 9, 2025).

[2] Lifetime Well pleads IBSpot.com took down the Infringing URLs after Lifetime Well provided notice of the unlawful copying. ECF 1 ¶ 26. We take judicial notice of the status of the publicly accessible pleaded URLs, which return "404 Not Found" error pages. We dismiss Lifetime Well's request for an injunction without prejudice because the challenged material is no longer accessible and there is no ongoing infringement to enjoin under 17 U.S.C. §502.

Lifetime Well also does not plead IBSpot.com continues to sell products using the Oricle mark after it took down the Infringing URLs. We dismiss Lifetime Well's request for an injunction without prejudice because it appears there is no ongoing infringement to enjoin under 15 U.S.C. §1116.

[3] Lifetime Well pleads copyright infringement and willfulness. Lifetime Well also pleaded unregistered trademark infringement through false association under 15 U.S.C. §1125(a)(1)(A). It also please likelihood of confusion. We considered the similarity of the marks and find them sufficient on this record to allow further review into whether consumers are likely confused as to the source of the mark. Lifetime Well further adequately pleaded IBSpot.com willfully infringed the Oricle mark. ECF 1 ¶47. We further find Lifetime Well adequately pleads a claim for unfair competition based upon IBSpot.com's unauthorized use of the Oricle mark. Lifetime Well does not plead a claim for unfair competition based on IBSpot.com's unauthorized reproduction of its registered copyrights. ECF 23 at 10. Congress thus did not preempt Lifetime Well's claim for unfair competition in 17 U.S.C. §301. And we lastly find Lifetime Well adequately pleaded a claim for unjust enrichment based upon IBSpot.com's unauthorized use of the Oricle mark to sell the Oricle product. Lifetime Well does not claim unjust enrichment for IBSpot.com's unauthorized reproduction of its registered copyrights. ECF 23 at 10. Congress did not preempt this claim in 17 U.S.C. §301.

We are not persuaded by IBSpot.com's reply arguments. ECF 26. It relies on two cases (*Menaaxi* and *Iberia Foods*) interpreting Section 32 of the Lanham Act (15 U.S.C. §1114) holding there is no infringement where the alleged infringer is selling "genuine" versions of the plaintiff's product. But Lifetime Well does not bring a claim under Section 32, which only pertains to federally registered marks. Its trademark claims are under Section 43 (15 USC §1125(a)), which covers both registered and unregistered marks (the Oricle mark here is unregistered). Counsel have not shown

hearing aids from Lifetime Well's Amazon listing and then resold on IBSpot's website. But Lifetime Well does not plead this theory. IBSpot.com also raises the first sale doctrine as a defense to the unfair competition claim. But first sale doctrine is only a defense to copyright infringement. The unfair competition claim is tethered to the trademark claim; not the copyright claim.

[4] IBSpot.com relies on numerous misleading or incorrect citations contrary to professional obligations as a member of the Bar of this Court. We remind counsel of their obligations in using artificial intelligence and under Rule 11 including in our Policies (I.,H.). *See* Fed. R. Civ. P. 11(b)(2). By way of limited example for instructive purposes to all members of our Bar, IBSpot.com offers authorities which do not stand for the propositions asserted, are taken from inapposite jurisdictions, or are quoted inaccurately:

- Miscites *Durling v. Spectrum Furniture Co.,* 101 F.3d 100 (Fed. Cir. 1996): it is a Federal Circuit patent obviousness case, not authority from our Court of Appeals regarding trademark infringement. *See* ECF 22-1 at 7.
- Misquotes *Morgan's Home Equipment Corp. v. Martucci,* 390 Pa. 618 (1957): the quoted language on unfair competition does not appear in the opinion and the case concerns trade secrets and restrictive covenants, not Lanham Act or confusion standards. *See* ECF 22-1 at 9–10.
- Mischaracterizes *Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey,* 497 F. Supp. 2d 627 (E.D. Pa. 2007): although the case discusses preemption doctrine, it does not involve unfair competition or unjust enrichment claims based on copying. *See* ECF 22-1 at 10–11.
- Misquotes *Connelly v. Lane Constr. Corp.*, 809 F.3d 780 (3d Cir. 2016): the court does not contain the quote "legal conclusions masquerading as factual allegations." *See* ECF 22-1 at 4.
- Misstates *Warner-Lambert Co. v. Breathasure, Inc.,* 204 F.3d 87 (3d Cir. 2000): the court holds a plaintiff seeking injunctive relief under § 43(a) need only show a reasonable likelihood of harm, not proven damages. *See* ECF 22-1 at 8.
- Overreads *Louis Vuitton Malletier S.A. v. Akonoc Solutions, Inc.*, 658 F.3d 936 (9th Cir. 2011): the court addresses willfulness in contributory infringement and does not hold that cessation of conduct negates willfulness. *See* ECF 22-1 at 9.
- Misuses *Werner v. Plater-Zyberk,* 799 A.2d 776 (Pa. 2002): the court did not include the quoted language. *See* ECF 22-1 at 11.