IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIFETIME WELL, LLC : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 2:25-CV-5135 |
| : | |
| IBSPOT.COM INC. : | |
| : | |
| Defendant : | |
| : | |

**RESPONSE OF DEFENDANT AND DEFENDANT'S PENNSYLVANIA COUNSEL, JEFFREY GOLDIN, ESQ. AND GOLDIN LAW GROUP, P.C., TO ORDER TO SHOW CAUSE DATED NOVEMBER 26, 2025**

Defendant, IBSpot.com, Inc. ("Defendant" or "IBSpot"), by and through its undersigned Pennsylvania counsel, Jeffrey J. Goldin, Esq. and Goldin Law Group, P.C. (together "Goldin" or "Attorney Goldin") respectfully responds to the Court's Order of November 26, 2026 directing Defendant to show cause why sanctions should not be imposed for potential violations of Rule 11(b)(2) from erroneous legal quotations and mischaracterizations of authority in ECF No. 22.

**PRELIMINARY STATEMENT**

The memorandum of law in question (ECF No. 22) included citations to some cases that were real but did not stand for the proposition asserted and contained non-existent quotes. These mistakes involved the use of generative artificial intelligence ("GAI") tools, originated with Defendant's specially admitted counsel in New York and were not picked up by Attorney Goldin prior to filing. As Pennsylvania counsel who regularly practices before this Court, Goldin accepts responsibility for his signature on the filing and recognizes the Court's justifiable concern. However, he also submits that sanctions against Goldin are not necessary in light of the motion's non-frivolous substance and partial success, the prompt acknowledgment and remediation of the

1

errors, the reasonableness of his reliance on specially admitted counsel, and the meaningful concrete steps he has now implemented to ensure this conduct is not repeated.

Specifically, and as set forth more fully below, Goldin (i) apologizes to the Court and all counsel for the error through this public filing; (ii) voluntarily completed a continuing legal education course of the ethical and responsible use of GAI; (iii) spent many hours reading over virtually every recent opinion in the Third Circuit and in other jurisdictions on the dangers of GAI and the obligations of local counsel; and (iv) has agreed with Defendant's specially admitted New York counsel that all future filings will be submitted to Attorney Goldin at least 48 hours ahead of the filing deadline with a table of authorities and all supporting decisions, statutes and secondary authority, to which Attorney Goldin will facilitate a more thorough pre-filing review and will certify the same with the filing. These concrete and meaningful steps ensure that this error – the first such error in Goldin's history – will never be repeated and meet Rule 11(c)'s primary goal which is deterrence, not punishment.

## **RELEVANT PROCEDURAL HISTORY**

This action was filed on September 8, 2025. On October 3, 2025, and prior to Goldin's involvement, Plaintiff obtained a Rule 55(a) entry of default Defendant. [ECF 8,10]. On October 24, 2025, Goldin entered his appearance on behalf of IBSpot. [ECF 13]. On October 27, 2025, Goldin submitted a Motion for Admission *Pro Hac Vice* seeking the admission of Yen-Yi Anderson, Esquire and Anderson & Associates Law P.C. ("Anderson") as specially admitted counsel for Defendant. [ECF 14]. In the application, in accordance with the published Policies and Procedures of the Hon. Mark A. Kearney (October 2025) ("Policies"), Goldin certified that Anderson's role as specially admitted counsel was necessary because (1) the case involves issues of federal intellectual property and e-commerce business online content registration – an area of

law in which Anderson has specialized experience; and (2) Anderson has served as counsel for IBSpot since 2022 had familiarity with Defendant's operations. [ECF 14, p.3]. Furthermore, in connection with the *pro hac* motion, Anderson submitted an affidavit, the effect of which was to assume the lead role in the case. [ECF 14-1]. That same day, the Court granted the Pro Hac application. [EFC 15].

On October 29, 2025, Defendant filed a motion to vacate the clerk's entry of default. [ECF 16]. Following a telephone conference with the Court, on October 30, 2025, this Court granted the motion to vacate and directed Defendant to answer or otherwise respond to the Complaint by November 4, 2025 [ECF 21]. On November 4, 2025, Defendant filed a motion to dismiss. [ECF 22]. Defendant's motion to dismiss was signed by both specially admitted counsel and by Goldin as local counsel (as required by the Court's Policies). The motion was filed by Goldin under Goldin's ECF credentials. On November 26, 2025, the Court partially granted the motion to dismiss and further ordered Defendant address the source of several quotations in the motion which were inaccurate and certain authorities which were argued for propositions they do not support. [ECF 27].

## APPLICABLE LEGAL STANDARD

Rule 11(b)(2) requires that an attorney's legal contentions be warranted by existing law or a non-frivolous argument for change, formed after an inquiry reasonable under the circumstances. Courts evaluate alleged violations under an objective reasonableness standard. *Bunce v. Visual Tech. Innovations, Inc.*, 2025 WL 662398, at * 2 (E.D. Pa. Feb. 27, 2025) (Scott, J.), citing *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 289 (3rd Cir. 1991). Negligence can suffice for a violation (*Id.* at *2), but intent remains relevant to tailoring any sanction. *See*, *e.g. Benjamin v. Costco Wholesale Corp.*, 779 F. Supp. 341 (E.D.N.Y. Apr. 24, 2025) (Dunst,

U.S.M.J.) (like contempt, *sua sponte* sanctions for violations of Rule 11 "should issue only upon a finding of subjective bad faith")[1]. The rule's purpose is deterrence, not punishment, and any sanction must be limited to what suffices to deter repetition. *See,* Rule 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.")

Recent decisions in our Circuit and nearby districts have addressed erroneous or AI-affected submissions. They uniformly reaffirm Rule 11's obligations while recognizing mitigation where counsel promptly acknowledges error, cooperates with the Court, and implements safeguards. Decisions such as *Bruce,* supra, *Bevins v. Colgate-Palmolive Co.*, 2025 WL 1085695 (E.D. Pa. Apr. 10, 2025) (Baylson, J.), and *OTG New York, Inc. v. OTTOGI America, Inc.*, 2025 WL 2671460 (D.N.J. Sep. 18, 2025) (Almonte, U.S.M.J.) all address the importance of deterrence and proportionality, often distinguishing between patterns of disregard and isolated lapses, and considering whether post-event conduct credibly ensures non-recurrence. Other decisions, including *Jakes v. Youngblood*, 2025 WL 2371007 (W.D. Pa. Jun. 26, 2025) (Stickman, J.) and *Gutierrez v. Lorenzo Food Group, Inc.*, 2025 WL 240031 (Aug. 19, 2025 D.N.J.) (Padin, J.), reinforce the responsibility to verify quotations and accurately state propositions attributed to authorities. This Court's Policies likewise speak directly to the thoughtful use of AI and the continuing obligations of local counsel when sponsoring pro hac vice attorneys.

## ARGUMENT

First, although not dispositive, the filing at ECF No. 22 was non-frivolous and partially successful. The Court's ruling granting the motion in part confirms that some or even many of the

---

[1] *Benjamin* is a decision from the Eastern District of New York involving a $1,000 fine. The decision was cited a few months ago in *OTG New York*, a DNJ decision from the District of New Jersey during a discussion of cases where the intent and post-violation conduct were found to make a difference as far as sanctions were concerned.

motion's core legal contentions were, in material respects, warranted by existing law or non-frivolous arguments for its application. That outcome meaningfully distinguishes this case from matters involving fabricated authorities or wholly baseless submissions. *See, e.g. OTG New York,* 2025 WL 2671460 at * 1 (imposing $3,000 fine against attorney who "cited to nonexistent cases and fabricated legal propositions"). While the inaccurate quotations and overstatements are extremely serious and unacceptable, the underlying motion was not an abuse of the adversary process, and parts of the analysis were legally sound. *See, Jakes* 2025 WL 2371007 at *1 (discussing difference between "merely incorrect legal statements" which are not sanctionable and frivolous arguments that amount an "abuse of the adversary system") (internal citations omitted).

Second, Goldin's reliance on specially admitted counsel was not unreasonable, particularly given the record supporting admission and the specialized subject matter. The Court's Policies rightly emphasize that local counsel's obligations persist after pro hac vice admission, and Goldin accepts that obligation wholeheartedly. Here, however, his reliance on lead counsel's representations during a time-sensitive briefing cycle was not a conscious abdication of duty. It was a mistake. The difference matters. Courts in analogous circumstances have recognized that candid admission of error and immediate corrective action are powerful mitigating factors and support proportionate outcomes focused on future compliance rather than punishment. *See, OTG New York*, 2025 WL 2671460 * 2 (holding that admission, contrition and prompt remediation called for sanctions "on the lower end" in a case involving hallucinated citations).

Third, to say that deterrence has been achieved would be an understatement. Goldin is mortified by the error and that it occurred in a case where he serves as local counsel. Since the Court's Order, Goldin took concrete steps to ensure accuracy and compliance going forward, including the following:

5

- An admission of responsibility and public apology to the Court and counsel via this filing visible via ECF;

- The prompt and voluntary completion of a PACLE-approved continuing legal education course titled "Artificial Intelligence Ethics for Attorneys" which focused on the responsible and ethical use of GAI;[2] and

- An agreement with Anderson that all future filings be submitted for Goldin's review not less than 48 hours prior to the filing deadline accompanied by a table of citations and all supporting authority to allow for a fulsome review of all cited materials going forward, to which Goldin is prepared to certify to the Court.

Fourth, proportionality and the absence of aggravating factors weigh against sanctions against Goldin. This case does not involve hallucinated or fictitious cases, repeated defiance or late or non-compliant responses to the Court. *Cf. Mattox v. Product Innovations Research, LLC*, --- F. Supp. 3d. ---, 2025 WL 3012828 * 9 (E.D. Ok. Oct. 22, 2025) (Robertson, U.S.M.J.) (imposing various non-monetary sanctions on local counsel who permitted filing of **eleven pleadings** with fabricated case citations, erroneous citations, quotations of nonexistent law and misstatements of law ***and then failed to appear for an order to show cause***) (emphasis added). On the contrary, the record reflects a prompt acknowledgment of the problem, a forthright explanation of the source of error, and remediation. The prompt admission, contrition and specific corrective measures fulfil the deterrent value of a sanction. With deterrence achieved, no additional sanctions are necessary under Rule 11(c)(4).

---

[2] A true and correct copy of a certificate of completion is attached as **Exhibit "A"** to this response. Additionally, Goldin read every single case cited in EFC No. 22, took action to determine the origin of the error, and spent many hours on legal research including reading cases from the Third Circuit and other jurisdictions on the responsible use of AI and the duties of local counsel both generally and under Rule 11, all at his personal time and expense. The lessons from this experience and from the many opinions carefully read and considered are now forever embedded in in Goldin's mind and practice. Goldin has been seriously deterred by this experience and will check and double-check every filing going forward.

6

**CONCLUSION**

Goldin respectfully requests that the Court discharge the Order to Show Cause without imposing sanctions. Alternatively, Goldin respectfully requests that the Court consider an admonition or similar non-monetary resolution, consistent with Rule 11's deterrence purpose and the mitigating circumstances present here.

                                        Respectfully submitted,

                                        **GOLDIN LAW GROUP, P.C.**

                                        */s/ Jeffrey J. Goldin, Esq.*
                                        Jeffrey J. Goldin, Esquire
                                        Attorney ID: 312689
                                        135 Old York Road
                                        Jenkintown, PA 19046
                                        T. 215.261.7505
                                        F. 267.865.6930
                                        E. jgoldin@glgphilly.com

Dated: December 8, 2025