IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LIFETIME WELL LLC** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 25-5135 |
| | : | |
| **IBSPOT.COM INC.** | : | |

# ORDER

**AND NOW**, this 26th day of January 2026, following our show cause Order (ECF 27) as to why we should not impose sanctions arising from the Defendant's co-counsels' admitted use of hallucinated artificial intelligence citations in memoranda, Plaintiff's Response (ECF 33), each of the Defendant's counsels' Responses (ECFs 31, 35), finding specific cause to impose monetary and non-monetary sanctions warranted for counsel admitted *pro hac vice* as well as non-monetary sanctions warranted for counsel responsible for *pro hac vice* counsel's conduct, and for reasons in today's accompanying Memorandum, it is **ORDERED**:

    1.    Attorney Yen-Yi Anderson, specially admitted to this Court (ECF 15) shall, no later than **February 2, 2026,** send a cover letter to Akira Arroyo, Director of the City Bar Justice Center's Neighborhood Entrepreneur Law Project, 42 West 44th Street, New York, NY 10036:

        a.    enclosing this Order, today's Memorandum, Attorney Anderson's firm's new artificial intelligence policy, and Attorney Anderson's personal check or wire transfer payable to the Neighborhood Entrepreneur Law Project for $4,000 as an appropriate monetary sanction without seeking reimbursement including from her law firm or her client;

        b.    requesting Director Arroyo share the attached Order, today's Memorandum, and her law firm's new artificial intelligence policy with attorneys and paraprofessionals in the Project's membership so as to allow Attorney Anderson's regretted errors

to serve as a cautionary example;

        c.     showing she is contemporaneously providing copies of her cover letter and attachments to all counsel and the presiding judges in the two other matters where the now-terminated lawyer used undisclosed artificial intelligence;

    2.     Attorney Jeffrey J. Goldin, a member of the Bar of this Court who agreed to be responsible for the conduct of specially admitted counsel including reviewing papers signed by him under Rule 11, shall no later than **February 2, 2026,** send a cover letter to the John Bollinger, Esquire, President of the Philadelphia Intellectual Property Law Association, 30 South 17th Street, 18th Floor, Philadelphia, PA 19103, attaching this Order, today's Memorandum, and his new artificial intelligence policy and requesting President Bollinger share these attachments during the next Association membership meeting so Attorney Goldin's regretted error as local co-counsel can serve as a lesson to lawyers practicing in the same discipline as to their continuing obligations to the Court and colleagues regarding use of artificial intelligence including responsibility for the briefing prepared by counsel specially admitted on their good faith representations; and,

    3.     Attorneys Anderson and Goldin shall, no later than **February 4, 2026**, file separate certificates of compliance with their obligations under this Order attaching the cover letters required by this Order.

                                                                   **KEARNEY, J.**